NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW CERNIGLIA and ROBIN CERNIGLIA,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ZIMMER, INC., ABC CORPORATION I-V (a fictitious corporation), AND JOHN DOE 1-V (exact identity unknown at this time),<br><br>　　　　　　Defendants. | Civil Action No: 17-4992-SDW-SCM<br><br>**OPINION**<br><br><br>October 17, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendant Zimmer, Inc.'s ("Zimmer") Motion to Dismiss Plaintiff Matthew Cerniglia and Robin Cerniglia's ("Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I.　　**BACKGROUND AND PROCEDURAL HISTORY**

On or about January 4, 2006, Plaintiff Matthew Cerniglia underwent a total left hip replacement at which time a hip replacement device with femoral stem, manufactured by Zimmer, was installed into Mr. Cerniglia's left hip and femur. (Compl. ¶¶ 1, 6.) Zimmer, a corporation

1

organized and existing under the laws of the state of Indiana, designs, constructs, manufactures, markets, sells, and distributes artificial hip replacement devices. (*Id.* at ¶¶ 1-4.) On or about October 25, 2016, Mr. Cerniglia underwent surgery to replace the device, after it was determined that it had fractured. (*Id.* at ¶¶ 9-12.)

On May 17, 2017, Plaintiffs filed a six-count complaint in New Jersey Superior Court, Law Division, Bergen County asserting Mr. Cerniglia was harmed by the allegedly defective hip replacement device. (Dkt. No. 1.) Because Plaintiffs do not clearly identify the causes of action for each count of their Complaint, this Court construes Plaintiffs' claims to be: Negligence (Counts One and Two)[1]; Breach of Express and Implied Warranty (Count Three)[2]; Strict Liability, Manufacturing and Design Defect and Failure to Warn (Counts Four and Five)[3]; and Loss of Consortium (Count Six)[4]. (*Id.*) Zimmer removed the case to this Court on July 7, 2017. (Dkt. No. 1.) Zimmer filed the instant motion to dismiss on July 28, 2017. (Dkt. No. 5.) Plaintiffs filed their timely opposition on August 17, 2017 and Zimmer filed its reply on September 12, 2017. (Dkt. Nos. 9, 10.)

---

[1] In Count One, Plaintiffs plead that Zimmer "negligently designed and manufactured the Zimmer hip" and that as a "direct and proximate cause of defendant's negligent conduct, plaintiff sustained severe and permanent injuries . . .." (Compl. Count I ¶¶ 13-17.) In Count Two, Plaintiffs plead again that Zimmer "negligently designed and manufactured the Zimmer hip." (Compl. Count II ¶ 8.)

[2] In Count Three, Plaintiffs plead that Zimmer "expressly and impliedly warranted that the Zimmer Hip device with femoral stem was fit for its intended purpose." (Compl. Count III ¶ 2.)

[3] In Count Four, Plaintiffs plead that Zimmer "designed, manufactured or assembled the Zimmer Hip device with femoral stem in a defective manner preventing it from being operated safely when used as intended" and in Count Five, that Zimmer "although aware of the inherent dangers in the device, failed to warn plaintiff and other users of the dangers and risks inherent in the use of the Zimmer Hip device and femoral stem." (Compl. Count IV ¶ 2, Count V ¶ 2.)

[4] In Count Six, Plaintiffs plead that because of Zimmer's conduct "Robin Cerniglia, has in the past and will in the future, been [sic] deprived of the services and consortium of her husband . . .." (Compl. Count VI ¶ 3.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

**III.     DISCUSSION**

At its core, Plaintiffs' Complaint sets forth a medical device products liability action. The New Jersey Products Liability Act ("PLA"), N.J.S.A. 2A:58C-1 *et seq.*, is the "sole method to prosecute a products liability action" and "effectively creates an exclusive statutory cause of action for claims falling within its purview." *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) (citing *Tirrell v. Navistar Int'l, Inc.*, 591 A.2d 643, 647 (N.J. App. Div. 1991) and *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991)); *see also Kemly v. Werner Co.*, 151 F. Supp. 3d 496, 504 (D.N.J. 2015); *In re Lead Paint Litig.*, 924 A.2d 484, 503 (N.J. 2007) (noting that the statutory language is "expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products"). The PLA defines a products liability action as "any claim . . . for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J.S.A. 2A:58C-1b(3). "Thus, New Jersey law no longer recognizes breach of implied warranty, negligence, and strict liability as viable separate claims for harm deriving from a defective product." *Clements*, 111 F. Supp. 3d at 596-97. "Furthermore, the PLA subsumes loss of consortium claims arising in products liability contexts." *Sich v. Pfizer Pharm.*, Civ. No. 17-2828, 2017 WL 4407930, at *2 (D.N.J. Oct. 4, 2017); *see also Chester v. Boston Sci. Corp.*, Civ No. 16-02421, 2017 WL 751424, at *4 (D.N.J. Feb. 27, 2017). Therefore, Counts One and Two (Negligence), Count Three (to the extent it raises a claim for breach of implied warranty), and Count Six (Loss of Consortium) will be dismissed as a matter of law.

To successfully plead a claim under the PLA (Counts Four and Five) Plaintiffs must show that the product at issue is not "reasonably fit, suitable or safe for its intended purpose" because of a 1) manufacturing defect, 2) defective design, or 3) inadequate warnings or

instructions. *Kemly v. Werner Co.*, 151 F. Supp. 3d 496, 504 (D.N.J. 2015) (discussing the elements of a PLA claim). A plaintiff alleging a design defect must also "demonstrate (1) a design defect in the work platform that existed at the time of Defendant's manufacture and distribution, and that (2) proximately caused his injuries." *Id.* at 505. Plaintiffs, however, provide nothing more than vague generalizations about the "Zimmer Hip" device at issue. They do not identify the exact device implanted in Mr. Cerniglia, how the device came to be fractured, or what alleged defect existed because of the manufacturing or design process. Nor do Plaintiffs plead facts to show how Mr. Cerniglia was injured. Rather, Plaintiffs assert only that, because the device failed a decade after it was implanted, it was defective and Mr. Cerniglia was harmed as a result. These conclusory statements are insufficient to survive a motion to dismiss and, therefore, Defendant's motion will be granted without prejudice as to Counts Four and Five.

Plaintiffs' remaining cause of action under Count Three raises an express warranty claim. Under New Jersey law, a claim for breach of express warranty requires allegations that: "(1) the Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Mendez v. Shah*, 94 F. Supp. 3d 633, 639 (D.N.J. 2015) (internal citation omitted). Nothing in Plaintiffs' Complaint provides any support for a claim that Zimmer made any affirmative statements about the device at issue or that any such statement informed Plaintiffs' decision to have that device implanted in Mr. Cerniglia. Indeed, Plaintiffs plead only that Zimmer "expressly . . . warranted that the Zimmer Hip device with femoral stem was fit for its intended purpose" but that the device "was not fit for its intended purpose." (Compl. Count III ¶¶ 2-3.) This mere recital of the elements of a claim for

5

breach of express warranty is insufficient. Therefore, Zimmer's motion to dismiss Count Three to the extent is raises a claim for breach of express warranty will be granted without prejudice.[5]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED.** Plaintiffs shall have thirty (30) days to file an Amended Complaint. An appropriate order follows.

                                      ___/s/ Susan D. Wigenton_____
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Steven C. Mannion, U.S.M.J.
               Parties

---

[5] This Court need not reach Defendant's alternative argument that a breach of express warranty claim is barred by the four-year statute of limitations, and any such determination would be premature until discovery has been taken to establish the date of tender of delivery of the hip replacement device. *See* N.J.S.A. 12A:2-725 (noting that the statute of limitations begins to run "when tender of delivery is made").