**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW CERNIGLIA and ROBIN CERNIGLIA, <br><br> Plaintiffs, <br><br> v. <br><br> ZIMMER, INC., ABC CORPORATION I-V (a fictitious corporation), AND JOHN DOE 1-V (exact identity unknown at this time), <br><br> Defendants. | Civil Action No: 17-4992-SDW-SCM <br><br> **OPINION** <br><br><br> February 26, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant Zimmer, Inc.'s ("Zimmer" or "Defendant") Motion to Dismiss Plaintiff Matthew Cerniglia and Robin Cerniglia's ("Plaintiffs") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **DENIED in part and GRANTED in part**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On or about January 4, 2006, Plaintiff Matthew Cerniglia underwent a total left hip replacement at which time a hip replacement device with femoral stem (the "Device"),[1]

---

[1] The devices implanted were the "'Zimmer Trabecular Metal Cup' (the cup) 54mm, 6202-54-22; Zimmer 'Screw Bone' 30 mm, 6250-65-30; 'Zimmer liner offset', 32 mm, 6310-50-32; 'Zimmer VerSys Femoral Stem EXT, 12/14 Neck Offset', 7843-12-26, and 'Zimmer Femoral Head' +7/32, 8010-32-14." (Am. Compl. ¶ 9.)

1

manufactured by Zimmer, was installed into Mr. Cerniglia's left hip and femur. (Am. Compl. ¶¶ 7-8.) Zimmer, a corporation organized and existing under the laws of the state of Delaware, designs, constructs, manufactures, markets, sells, and distributes artificial hip replacement devices. (*Id.* at ¶ 3.) On or about October 25, 2016, Mr. Cerniglia underwent surgery to replace the Device, after it was determined that it had fractured. (*Id.* at ¶¶ 8-14.)[2]

On May 17, 2017, Plaintiffs filed a six-count complaint in New Jersey Superior Court, Law Division, Bergen County asserting Mr. Cerniglia was harmed by the allegedly defective Device. (Dkt. No. 1.) Zimmer removed the case to this Court on July 7, 2017. (*Id.*) Zimmer moved to dismiss the complaint on July 28, 2017, and this Court granted the motion on October 17, 2017. (Dkt. Nos. 5, 16, 17.) Plaintiffs filed an Amended Complaint on November 15, 2017. (Dkt. No. 21.) The Amended Complaint alleges violations of the New Jersey Product Liability Act, N.J.S.A. 2a:58c-1 for failure to warn and instruct (Count One), design defect (Count Two), manufacturing defect and failure to adhere to quality controls (Count Three) as well as a claim for breach of express warranty (Count Five). The Amended Complaint also seeks punitive damages under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.2 *et seq.* (Count Four). Defendant moved to dismiss the Amended Complaint on December 13, 2017. (Dkt. No. 23.) Plaintiffs opposed the motion on January 9, 2018 and Defendant replied on January 30, 2018. (Dkt. Nos. 26, 29.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

---

[2] On January 31, 2017, Mr. Cerniglia underwent another surgery to "remove 4 cerclage wires in the left femur." (Am. Compl. ¶ 14.)

allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

The New Jersey Products Liability Act ("PLA"), N.J.S.A. 2A:58C-1 *et seq.*, is the "sole method to prosecute a products liability action" and "effectively creates an exclusive statutory cause of action for claims falling within its purview." *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) (citing *Tirrell v. Navistar Int'l, Inc.*, 591 A.2d 643, 647 (N.J. App. Div. 1991) and *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991)); *see also*

*Kemly v. Werner Co.*, 151 F. Supp. 3d 496, 504 (D.N.J. 2015); *In re Lead Paint Litig.*, 924 A.2d 484, 503 (N.J. 2007) (noting that the statutory language is "expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products"). The PLA defines a products liability action as "any claim . . . for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J.S.A. 2A:58C-1b(3).

To successfully plead a claim under the PLA, Plaintiffs must show that the product at issue is not "reasonably fit, suitable or safe for its intended purpose" because of 1) a manufacturing defect, 2) defective design, or 3) inadequate warnings or instructions. *Kemly v. Werner Co.*, 151 F. Supp. 3d 496, 504 (D.N.J. 2015). A plaintiff alleging a design defect must also "demonstrate (1) a design defect in the work platform that existed at the time of Defendant's manufacture and distribution, and that (2) proximately caused his injuries." *Id.* at 505. Here, Plaintiffs have pled that, although Mr. Cerniglia had not suffered any "new injury nor was he involved in any accident," the Zimmer Device implanted in Mr. Cerniglia and "used in the manner for which i[t] was intended," broke and leached cobalt and chromium into Mr. Cerniglia's bloodstream. (Am. Compl. ¶¶ 9-13.) As a result, he was forced to undergo a total left hip replacement surgery and a follow-up surgery which caused him pain and suffering. (*Id.* ¶ 14.) Although Plaintiff does not state how the device came to be fractured, that information is likely only available to medical device experts and/or medical personnel and is a question best answered in discovery. At the very least, it is not unreasonable to assume that the device was not intended or designed to break in the way it did. Consequently, Plaintiffs allege that the Zimmer device was defective and that Zimmer failed to issue adequate warnings or instructions regarding its use or safety. At this stage in the proceedings, Plaintiffs have established a plausible basis for

their claims and have given Defendant adequate notice of the PLA claims against it and information sufficient to allow Defendant to defend against those claims. Therefore, Defendant's motion to dismiss will be denied as to Counts One, Two, and Three.

Under the New Jersey Punitive Damages Act, punitive damages are appropriate "only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed . . .." N.J.S.A. 2A:15-5.12. Plaintiffs allege that in August, 2006, eight months after Mr. Cerniglia's hip replacement surgery, Zimmer issued a recall of the femoral stem at issue because of concerns about its "proper metal fatigue strength." (Pls.' Reply. Br. Ex. A.)[3] Plaintiff argues that Defendant "knew or should have known" that the Device "would naturally and probably result in injury or damage" and that Defendant's conduct was malicious or evidenced a reckless disregard for the potential harm to patients. (Am. Compl. ¶ 44.) This is sufficient to permit Plaintiffs' punitive damages claim to proceed. Whether Plaintiffs will be able to prove malice or reckless disregard at trial is another matter. Defendant's motion to dismiss Count Four will be denied.

Plaintiffs' remaining cause of action raises an express warranty claim. Under New Jersey law, a claim for breach of express warranty requires allegations that: "(1) the Defendant made an

---

[3] Plaintiffs filed this notice, posted on the FDA's website, for the first time as an exhibit to their opposition papers. Generally, a court ruling on a motion to dismiss "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (noting that the rule exists to prevent prejudice to a plaintiff). However, a court may consider a public record without converting the motion to one for summary judgment. *See, e.g.*, *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013); *Geyer v. Amer. Advisors Grp.*, Civ. No. 17-7336(SDW)(LDW), 2018 WL 466240, at *2 (D.N.J. Jan. 18, 2018). Here, although the recall notice is not referenced in or attached to the Amended Complaint, it is a public document this Court may consider.

affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Mendez v. Shah*, 94 F. Supp. 3d 633, 639 (D.N.J. 2015) (internal citation omitted). Nothing in Plaintiffs' Amended Complaint provides any support for their claim that Zimmer made any affirmative statements about the device at issue or that any such statements informed Plaintiffs' decision to have that device implanted in Mr. Cerniglia. Indeed, Plaintiffs plead only that Zimmer "made affirmations of fact with respect to the product intended to induce the sale of the product for implantation into plaintiff's body" but fail to identify what those affirmations were, when they were made, or to whom they were made. (Am. Compl. ¶¶ 49-52.) This mere recital of the elements of a claim for breach of express warranty is insufficient to sustain Plaintiff's claim. Therefore, Zimmer's motion to dismiss Count Five will be granted.[4]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED** as to Counts One, Two, Three, and Four. Defendant's Motion to Dismiss is **GRANTED** as to Count Five. An appropriate order follows.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Steven C. Mannion, U.S.M.J.
            Parties

---

[4] This Court need not reach Defendant's alternative argument that a breach of express warranty claim is barred by the four-year statute of limitations, and any such determination would be premature until discovery has been taken to establish the date of tender of delivery of the hip replacement device. *See* N.J.S.A. 12A:2-725 (noting that the statute of limitations begins to run "when tender of delivery is made").

6